IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:22-CT-3245-M

| | |
|---|---|
| LARRY BLAKNEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) ORDER |
| | ) |
| HARTSVILLE S.C. POLICE DEPT., | ) |
| | ) |
| Defendant.[1] | ) |

Plaintiff, a federal pretrial detainee proceeding pro se that has been civilly committed pursuant to 42 U.S.C. § 4246, filed this action pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671-80, and 42 U.S.C. § 1983 alleging constitutional violations. The matter is now before the court for initial review under 28 U.S.C. § 1915(e)(2)(B). Also before the court are plaintiff's motions to proceed without prepayment of fees (D.E. 2), to appoint the United States Marshal Service to serve summons (D.E. 4, 8, 12), to amend (D.E. 5, 11, 21, 25), for leave to file supplement (D.E. 7), to amend summons (D.E. 13), to compel (D.E. 14, 18, 32), for temporary restraining order (D.E. 20), for subpoena (D.E. 22), for entry of default (D.E. 24, 35), for default judgment (D.E. 27), to appoint a guardian ad litem (D.E. 28), for pretrial conference (D.E. 33), and for leave to take deposition (D.E. 34).

---

[1] Plaintiff also appears to bring claims against the chief administrator of the Hartsville Police Department, James Hudson. Accordingly, the court will direct the clerk of court to add defendant James Hudson to the docket.

A.   Motion to Proceed Without Prepayment of Fees (D.E. 2)

The court begins with plaintiff's motion to proceed without prepayment of fees. Plaintiff has demonstrated the requisite inability to pay the filing fee. See 28 U.S.C. § 1915(a). Accordingly, the motion is granted.

B.   Motions to Amend (D.E. 5, 11, 21, 25) and for Leave to Supplement (D.E. 7)

Next, the court addresses plaintiff's motions to amend and file supplement. Plaintiff seeks to add the following defendants: T. Scarantino ("Scarantino"); Alan E. DuBois ("DuBois"); Logan Graddy ("Graddy"); the Federal Medical Center in Butner, North Carolina ("FMC Butner"). (First Mot. to Am. (D.E. 5) at 1; Suppl. Compl. (D.E. 7-1) at 1, 4; Second Mot. to Am. (D.E. 11) at 1; Fourth Mot. to Am. (D.E. 25) at 1). The court summarily grants the motions and will direct the clerk to add these defendants to the docket. See Fed. R. Civ. P. 15(a)(1). Additionally, the court has reviewed and considered the allegations in the original complaint, motion to amend, and supplemental complaint in conducting the initial review set out below.[2]

C.   Initial Review

The court now turns to its initial review of plaintiff's claims. When a prisoner seeks relief in a civil action from a governmental entity or officer, a court must dismiss the complaint if it is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(a), (b)(1). A frivolous case "lacks an arguable basis either in law or in fact." Neitzke v.

---

[2]   It appears plaintiff seeks to bring criminal charges against defendants or, at the very least, bring criminal activity to the attention of the court. (See Crim. Compl. Attach. to First Mot. to Am. (D.E. 5-2) at 1–5; Third Mot. to Am. (D.E. 21) at 1). Plaintiff specifically cites 18 U.S.C. §§ 241 and 242. (See Crim. Compl. Attach. to First Mot. to Am. (D.E. 5-2) at 1–5; Third Mot. to Am. (D.E. 21) at 1). Sections 241 and 242 are criminal statutes that do not provide a civil remedy. Yagoda v. Davis, No. 7:11–CV–122–BO, 2011 WL 3911111, at *1 (E.D.N.C. Sept. 5, 2011); see also Cok v. Cosentino, 876 F.2d 1, 2 (1st Cir.1989) ("Only the United States as prosecutor can bring a complaint under 18 U.S.C. § 241–242."). Accordingly, to the extent plaintiff seeks to bring such a claim, he has failed to state a claim.

2

Williams, 490 U.S. 319, 325 (1989). Legally frivolous claims are "based on an indisputably meritless legal theory and include claims of infringement of a legal interest which clearly does not exist." Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994) (quotations omitted). Factually frivolous claims lack an "arguable basis" in fact. Neitzke, 490 U.S. at 325.

The standard used to evaluate the sufficiency of a pleading is flexible, and a pro se complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quotation omitted). However, a pro se plaintiff's pleading must contain "more than labels and conclusions." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007); Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008). The court need not accept as true any legal conclusions or unwarranted factual inferences. Ashcroft v. Iqbal, 556 U.S. 662, 677–83 (2009); Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd 132 S. Ct. 1327 (2012).

Federal courts may "pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." See Denton v. Hernandez, 504 U.S. 25, 32 (1992) (citing Neitzke, 490 U.S. at 327). Examples such claims are those "describing fantastic or delusional scenarios," or that are otherwise manifestly "fanciful" or so irrational to lack any basis in fact. Id. at 32–33 (internal citations omitted).

Plaintiff has been civilly committed pursuant to 42 U.S.C. § 4246 and is housed at FMC Butner. (Compl. (D.E. 1) at 2). Plaintiff alleges defendants are using electronic surveillance approved by the court to invade his privacy. (Id. at 1–2, 5; First Mot. to Am. (D.E. 5) 1, 3; Suppl. Compl. (D.E. 7-1) at 2–3; Second Mot. to Am. (D.E. 11) at 1–2; Third Mot. to Am. (D.E. 21) at 2; Fourth Mot. Am. (D.E. 25) at 1, 3–4). Plaintiff alleges this surveillance allows law enforcement

3

and the general public to observe plaintiff using the toilette in his cell. (Compl. (D.E. 1) at 1, 5; First Mot. to Am. (D.E. 5) at 3). Plaintiff further alleges that, prior to his arrest, defendant Hartsville S.C. Police Department would harass plaintiff to prevent him from promoting and selling CDs under plaintiff's record label, Gate Movement Records. (Compl. (D.E. 1) at 3; Suppl. Compl. (D.E. 7-1) at 2–3, 5; Second Mot. to Am. (D.E. 11) at 1). Plaintiff further asserts defendants Scarantino, DuBois, and Graddy failed to inform the court of the surveillance by FMC Butner and law enforcement. (Suppl. Compl. (D.E. 7-1) at 2–3). Plaintiff alleges defendants and the general public are harassing him using electronic communication devices in FMC Butner to send him death threats contingent upon plaintiff removing his Facebook page, stopping his Christian ministry, and ceasing promotion of his record label. (Compl. (D.E. 1) at 4-5; Suppl. Compl. (D.E. 7-1) at 2; Third Mot. to Am. (D.E. 21) at 2; Fourth Mot. to Am. (D.E. 25) at 2–4).

The court finds plaintiff's allegations to be fanciful, delusional, and wholly conclusory. See Denton, 504 U.S. at 32–33; Neitzke, 490 U.S. at 327–28. Furthermore, plaintiff has filed numerous causes of actions consisting of variations of the above delusional allegations. See Blakney v. United States, No. 5:22-CT-3346-D, at p. 3 (E.D.N.C. Nov. 23, 2022) (collecting cases).

## CONCLUSION

Based on the foregoing, plaintiff's motions to proceed without prepayment of fees (D.E. 2), to amend (D.E. 5, 11, 21, 25), and for leave to supplement (D.E. 7) are GRANTED. The clerk is DIRECTED to add the following defendants to the docket: James Hudson, T. Scarantino, Alan E. DuBois, Logan Graddy, and Butner Federal Medical Center. Plaintiff's motions to appoint the United States Marshal Service to serve summons (D.E. 4, 8, 12), to amend summons (D.E. 13),

4

to compel (D.E. 14, 18, 32), for temporary restraining order (D.E. 20), for subpoena (D.E. 22), for entry of default (D.E. 24, 35), for default judgment (D.E. 27), to appoint a guardian ad litem (D.E. 28), for pretrial conference (D.E. 33), and for leave to take deposition (D.E. 34) are DENIED AS MOOT.

The court DISMISSES the action without prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The clerk is DIRECTED to close the case.

SO ORDERED, this the 10th day of February, 2023.

RICHARD E. MYERS II
Chief United States District Judge